RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0241p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

No. 16-6415

BILLY JOE RUCKER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
No. 3:00-cr-00065-1—David J. Hale, District Judge.

Decided and Filed:  October 27, 2017

Before:  COOK, KETHLEDGE, and DONALD, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Frank W. Heft, Jr., Laura R. Wyrosdick, OFFICE OF THE FEDERAL DEFENDER, Louisville, Kentucky, for Appellant.  Candace G. Hill, UNITED STATES ATTORNEY'S OFFICE, Louisville, Kentucky, for Appellee.

KETHLEDGE, J., delivered the opinion of the court in which COOK, J., joined. DONALD, J. (pp. 6–8), delivered a separate dissenting opinion.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge.  Billy Joe Rucker argues that the district court considered a forbidden factor—ironically, rehabilitation—when the court determined the length of his sentence for violating the terms of his supervised release.  The record indeed suggests that the

district court considered that factor.  Hence we vacate Rucker's sentence and remand for resentencing.

On November 8, 2013, Rucker finished an approximately 15-year term of imprisonment and began a five-year term of supervised release.  Rucker violated the terms of his supervised release on four occasions in 2014 and 2016 when he tested positive for methamphetamine.  Those violations triggered the application of 18 U.S.C. § 3583(g), which required the court to revoke Rucker's supervised release and to sentence him to "a term of imprisonment" not to exceed, in Rucker's case, five years.  (For violations that do not trigger the application of § 3583(g), the court's decision whether to revoke the defendant's supervised release is discretionary.  *See* 18 U.S.C. § 3583(e).)  Before determining the length of Rucker's new term of imprisonment, however, the district court first permitted him to enter an inpatient addiction-treatment program.  Presumably if Rucker had successfully completed the program the court would have imposed a short sentence for Rucker's violations.  About a month after Rucker entered the program, however, he was ejected for arguing with another participant.

The district court then held a revocation hearing to determine the length of Rucker's prison term for his violations.  Rucker's Guidelines range was 21 to 27 months' imprisonment.  The court imposed a sentence of 24 months, which it explained at least in part on the ground that Rucker could qualify for the Bureau of Prisons' residential drug-abuse program only if his sentence was at least 22 months in length.

Rucker now challenges the substantive reasonableness of his sentence, which we review for an abuse of discretion.  *United States v. Deen*, 706 F.3d 760, 762 (6th Cir. 2013).  A sentence is substantively unreasonable if (among other things) the district court bases it on an impermissible factor.  *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

Rucker argues the district court did that here.  His argument is based upon 18 U.S.C. § 3582(a), which provides in relevant part:

> The [district] court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they

are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Per the plain terms of this provision, the Supreme Court has held that "[s]ection 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 319, 332 (2011). And because in *Tapia* the sentencing transcript "suggest[ed] the possibility that Tapia's sentence was based on her rehabilitative needs[,]" *id*. at 334, the Court remanded the case.

Here, the district court explained the rationale for Rucker's sentence as follows:

> . . . I'm going to indicate in the strongest terms to the Bureau of Prisons that you be placed in the residential drug abuse program ["RDAP"] that the BOP offers.
>
> In order to qualify for that program, one must have [a] 22 months' sentence, and that falls within the guideline range here. I think that's appropriate on a number of levels. I think it's appropriate because it is a guideline sentence. I think it's also appropriate because I believe you would benefit from participation in RDAP. It is an intensive program and I think—I think that, frankly, it's called for here. So unless there's anything further, I will state the sentence.

Later in the hearing, in response to Rucker's objection on *Tapia* grounds, the court further stated:

> I will say that 3553 [*i.e.*, 18 U.S.C. § 3553(a)(2)(D)] talks about the needs of the defendant for treatment. I have taken that into consideration. The fact that the RDAP program requires a defendant to have 22 months remaining on their sentence is not the deciding factor for me in imposing this sentence. It is a guideline sentence that I think is appropriate irrespective of that BOP regulation.

The question, then, is whether this record "suggests the possibility" that Rucker's sentence "was based on [his] rehabilitative needs." *Tapia*, 564 U.S. at 334. Of course, a district court "commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs." *Id*. But the court's discussion of those things must not be its explanation for the sentence it imposes. Instead, to comply with § 3582(a), the court must set forth a rationale independent of rehabilitative concerns. *See id.* at 327 ("a court making these decisions should consider the specified rationales of punishment *except for* rehabilitation" (emphasis in original)).

The record lacks any such independent rationale here. True, the court said that Rucker's sentence "is a guideline sentence that I think is appropriate irrespective of that BOP regulation." But that is simply a conclusion, rather than an explanation as to why the court thought a Guidelines sentence was appropriate. Moreover, though we take the court at its word that Rucker's eligibility for the treatment program was not the "deciding factor" in determining his sentence, Rucker's eligibility appears to have been an important factor nonetheless. Indeed the bulk of the court's explanation for the sentence is couched in rehabilitative terms. The record therefore suggests the possibility that the district court based Rucker's sentence on his rehabilitative needs.

The government responds that § 3582(a) does not apply here at all. The government recites: "[T]he express language of § 3582(a) states that 'in determining whether to impose a term of imprisonment . . . ,' the district court 'shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.'" Gov't Br. at 20 (quoting 18 U.S.C. § 3582(a) (government's ellipsis)). The government then points out, correctly, that in Rucker's case the district court had no occasion to determine "*whether* to impose a term of imprisonment," 18 U.S.C. § 3582(a) (emphasis added), because § 3583(g) already mandated one. Thus, the government concludes that § 3582(a)—and, more to the point, its anti-rehabilitation rule—does not apply here.

The argument is hard to fathom. The government simply elides—literally by means of the ellipsis noted above—the very language that does make § 3582(a) applicable here. We italicize the language the government chose to omit:

> The [district] court, in determining whether to impose a term of imprisonment, *and, if a term of imprisonment is to be imposed, in determining the length of the term*, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

18 U.S.C. § 3582(a) (emphasis added). Thus, by its plain terms, § 3582(a) applies not only when a district court determines "whether to impose a term of imprisonment," but also "in determining the length of the term[.]"

Here, § 3583(g) mandated a "term of imprisonment" as punishment for Rucker's violations of his supervised release; but the district court "determin[ed] the length of the term[.]" 18 U.S.C. § 3582(a). And in doing so the court was required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." *Id.* For this reason among others, therefore, the government's argument is meritless.

\* \* \*

We vacate Rucker's sentence and remand for proceedings consistent with this opinion.

---

**DISSENT**

---

BERNICE BOUIE DONALD, Circuit Judge, dissenting.  I concur in the majority's characterization of the legal standard and the fact that "[s]ection 3582(a) precludes sentencing courts from imposing or lengthening a prison term to promote an offender's rehabilitation." *Tapia v. United States*, 564 U.S. 318, 332 (2011).  However, the facts and record here do not suggest that the district court did so, or that it failed to set forth a rationale independent of rehabilitative concerns.  Respectfully, I dissent.

The standard of review for this case is abuse of discretion.  Under this standard, this Court is to presume that Rucker's within-Guidelines sentence is reasonable, *see United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), unless the district court based it on impermissible factors, *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013), such as to promote rehabilitation, *Tapia*, 564 U.S. at 332.  Despite the majority opinion, it is not clear that the district court relied on such factors.  Section 3553(a) enumerates several factors for consideration at sentencing including the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to reflect the purposes of sentencing, i.e., retribution, deterrence, incapacitation, and rehabilitation, the kinds of sentences available, the sentencing range established by the guidelines, and any relevant policy.  18 U.S.C. § 3553(a).  Before any mention of Residential Drug Abuse Program (RDAP), the district court judge stated:

> I've reviewed the record.  I've spent a fair amount of time on your case, Mr. Rucker.  I've looked at your past history.  I've looked at the original criminal docket that brought you into the federal system.  I've carefully reviewed the report that was prepared by probation, and I note that you stipulated to the accuracy of those violations, despite now arguing a bit about them.  I've considered the fact that, back in July, all of the participants here, including the court, cut you a break, and we put off a final determination in order to allow you to participate in that program in Bowling Green.

(R. 60 Final Revocation Hrg. Tr. at 13.)  Although the judge did not list every 18 U.S.C. § 3553(a) factor, he clearly considered several.  The judge then stressed that "[t]hese are serious

violations" and whether it is rooted in addiction, "these are still serious violations, and the guidelines provide a range of 21 to 27 months based on this." (*Id*. at 14.) The judge subsequently observed that "[i]n order to qualify for [RDAP], one must have 22 months' sentence," and noted that the twenty-four-month sentence "falls within the guideline range." (*Id*.)

In response to Rucker's objection that the court had impermissibly lengthened Rucker's sentence, the district judge expressly said "[t]he fact that the RDAP program requires a defendant to have 22 months remaining on their sentence [was] not the deciding factor for [him] in imposing [Rucker's] sentence." (*Id*. at 17-18.) The judge explained "[i]t is a guideline sentence that [was] appropriate irrespective of that BOP regulation." (*Id*.) Finally, citing 18 U.S.C. § 3621(b)(4), the judge orally stated he "strongly recommend[ed]" BOP evaluate Rucker for RDAP placement, (*Id*. at 80), and included a similarly strong recommendation in his written commitment order. (R. 57, Order at 2.)

These statements were consistent with *Tapia* and *Deen*, which held "a court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment . . . programs." *United States v. Deen*, 706 F. 3d 760, 768 (6th Cir. 2013) (quoting *Tapia*, 564 U.S. 319, 333 (2011)). Accordingly, "urg[ing] the BOP to place an offender in a prison treatment program" is permissible under *Tapia*. *Deen*, 706 F.3d at 768. And one comment from the court—that treatment eligibility was not the *deciding* factor, thus plausibly implying it was *a* factor—does not destroy all reasonableness of the sentence, particularly given the deference due to the district court. Indeed, while the majority states that Rucker's RDAP eligibility appears to have been an "important factor," it is unclear that is the case. As the district court implied, it may well be just a fortuitous benefit.

Thus, the district court's statement that in order to qualify for RDAP one must have twenty-two months remaining on their sentence, and that Rucker's twenty-four month sentence qualified him for the program, does not indicate the court calculated the length of Rucker's sentence to ensure that he receive drug rehabilitation services. The district court transcript shows that the court took the pertinent § 3553(a) factors and the totality of the circumstances into

account in determining Rucker's sentence.  Rucker's claim to the contrary does not overcome the "presumption of reasonableness" that his within-Guidelines sentence is due.  Therefore, I dissent.